Argued January 15, reversed February 24, 1975

STATE OF OREGON, *Appellant, v.*
DAVID ALLEN HOARE (No. 15-291), *Respondent.*

532 P2d 240

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Benhardt E. Schmidt,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

Defendant was charged by separate uniform traffic citations with two offenses—driving under the influence of intoxicating liquor (ORS 483.992(2)), and driving a motor vehicle with a .15 percent or higher level of blood alcohol (ORS 483.999)—which were tried jointly to a jury in district court.[1] The jury acquitted defendant on the .15 charge and convicted him of DUIL. Defendant appealed de novo to the Circuit Court for Washington County. On the day set for that trial defendant's counsel advised the court that he had just learned of the state's intent to offer as evidence the same breathalyzer test result previously introduced in district court, and that he wished to move for a ruling on its admissibility prior to the calling of the jury. After hearing, the test result was ruled inadmissible on the ground that when the district court jury acquitted the defendant of the .15 charge it necessarily determined it to be unreliable, thereby precluding the state from litigating that issue a second time. The state declined to proceed until appellate review of the decision could be obtained.

---

[1] "* * * [W]hile a defendant may properly be charged and tried for a violation of both ORS 483.992(2) [DUIL] and ORS 483.999 [driving with more than .15 percent blood alcohol] * * * he may be sentenced for only one * * *." Doran v. State of Oregon, 270 Or 758, 764, 529 P2d 928 (1974). *See also* State v. Abbott, 15 Or App 205, 209, 514 P2d 355 (1973), Sup Ct *review denied* (1974).

The court then entered an order which reflected its ruling on the question of the evidence's admissibility *and* which went on to "dismiss" the matter. The record indicates, however, that the judge failed to realize such a dismissal must also be appealed in order to prevent an appeal from the evidentiary ruling from becoming moot.

Before deciding whether the state is estopped at bar from introducing the breathalyzer test result in a circuit court prosecution for DUIL, the circumstances require us to consider two additional and necessarily interrelated questions: (1) Was the exclusion of the test result a decision from which the state could appeal in the first instance, and (2) could the court order the dismissal of the action?

■ ORS 138.020[2] limits state appeals in criminal cases to those allowed by ORS 138.060:

"The state may take an appeal from the circuit court to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2) An order arresting the judgment;

"(3) An order made prior to trial suppressing evidence; or

"(4) An order made prior to trial for the return or restoration of things seized."

Appeal of the dismissal is clearly authorized by ORS 138.060(1). *State v. Jessie,* 17 Or App 368, 521 P2d 1323, Sup Ct *review denied* (1974); *State v. Pena,* 15 Or App 582, 516 P2d 761 (1973). But our

[2] ORS 138.020 provides:

"Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in ORS 138.010 to 138.300, and not otherwise."

decision concerning the propriety of that dismissal · is dependent upon whether the court's ruling of inadmissibility constituted "[a]n order made prior to trial suppressing evidence" within ORS 138.060(3). Defendant contends that the statute has application *only* to orders entered either in response to a "motion to suppress" as defined in ORS 133.673,⑨ or after an omnibus hearing held in accordance with ORS 135.037,④ arguing that a mere ruling on an advance objection is essentially different in character from orders which the legislature in drafting the statute intended to make appealable by the state.

---

⑨ ORS 133.673 provides:

"(1) Objections to use in evidence of things seized in violation of any of the provisions of ORS 133.525 to 133.703 shall be made by a motion to suppress which shall be heard and determined by the court in advance of trial.

"* * * * *."

④ ORS 135.037 provides:

"(1) At any time after the filing of the accusatory instrument in circuit court and before the commencement of trial thereon, the court upon motion of any party shall, and upon its own motion may, order an omnibus hearing.

"(2) The purpose of an omnibus hearing shall be to rule on all pretrial motions and requests, including but not limited to the following issues:

"(a) Suppression of evidence;

"(b) Challenges to identification procedures used by the prosecution;

"(c) Challenges to voluntariness of admissions or confession;

"(d) Challenges to the accusatory instrument.

"(3) The court, at the time of the omnibus hearing, may also consider any matters which will facilitate trial by avoiding unnecessary proof or by simplifying the issues to be tried, or which are otherwise appropriate under the circumstances to facilitate disposition of the proceeding.

"(4) At the conclusion of the hearing and prior to trial the court shall prepare and file an order setting forth all rulings of the court on issues raised under subsection (2) of this section. The court shall further prepare and file a memorandum of other matters agreed upon at the hearing.

"* * * * *."

Defendant's narrow interpretation of ORS 138.060(3)—founded on a distinction between "pretrial motions" and mere "preliminary objections"—is unwarranted. The state's right to appeal from "[a]n order made prior to trial suppressing evidence" is based on a statutory provision enacted some four years before ORS 133.673 and 135.037 were incorporated into the criminal code. This provision has been regarded by this court as authorizing appeals from all pretrial orders relating to the collateral issue of admissibility of evidence, regardless of the grounds upon which the objection is made or the procedure by which it is raised. In *State v. Robinson,* 3 Or App 200, 473 P2d 152 (1970), the defendant had prevailed on a motion to suppress incriminating statements submitted to the court prior to trial. Rejecting defendant's argument that would have limited the effect of ORS 138.060(3), this court concluded:

> "Confessions or admissions are evidence when they are received in evidence. The language of the statute in regard to orders 'suppressing evidence' is clear and unambiguous. In this regard there is no need to interpret legislative intent. *Boggs v. Multnomah County,* 2 Or App 517, 470 P2d 159 (1970); *Franklin v. State Ind. Acc. Com.,* 202 Or 237, 241, 274 P2d 279 (1954)." 3 Or App at 210.

Thus, for purposes of determining whether the state may appeal an order "suppressing" ("to keep from appearing or being known, * * *" Webster's New Twentieth Century Dictionary 1832 (unabridged 2d ed 1964)) evidence, the significant factor is whether the order has been made as the result of *some pretrial* action by the parties. When a defendant raises an objection to evidence in advance of trial, he takes the risk that the state may have an opportunity to ob-

tain review of an adverse decision it would otherwise be deprived of if the objection were made during the course of the proceeding. The order of the court excluding the breathalyzer test result, made prior to the calling of the jury, fell within the meaning of ORS 138.060(3) and was appealable.

As noted, an order dismissing the case as well as suppressing the evidence was entered. It is unclear whether the court regarded ORS 136.120⊚ or 135.755⊚ as authority for its action; it is clear, however, that unless the dismissal itself is reversed the state will be foreclosed from maintaining any further action against this defendant. ORS 483.992(2) (DUIL) is an "unclassified misdemeanor" (ORS 161.-545, 161.555); dismissal pursuant to either ORS 136.120 or 135.755 thus bars further prosecution for the same crime (ORS 136.130, 135.753).

■ Having decided that the state's attempt to appeal the suppression of the breathalyzer test result was a legitimate one, it becomes evident that ORS 136.120 furnished no authority for the court's dismissal. ORS 138.160 provides that "[a]n appeal taken by the state stays the effect of the judgment or

---

⊚ ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

⊚ ORS 135.755 provides:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal."

order in favor of the defendant * * *." Refusal to proceed without the evidence ruled inadmissible was not a refusal without "sufficient cause" and was not therefore action which may appropriately support dismissal.

■ Under ORS 135.755 a dismissal may be ordered on a court's motion in order to "further justice." A dismissal which serves no purpose other than to render moot a party's statutory right to seek appellate review is not in conformity with this standard. In addition to proposing a narrow construction of ORS 138.060(3) the defendant in *State v. Robinson,* supra, also sought to have ORS 138.060 declared invalid in its entirety because, by providing the state with a means of appealing "forthwith" an adverse decision on a pretrial motion, it worked to deprive defendant of a speedy trial. Noting that

"* * * [g]ood reason for the legislation [ORS 138.060] is presumed and it should not be deemed unconstitutional unless conflict with the constitution is clear, palpable, and free from doubt. *Horner's Market v. Tri-County Trans.,* 2 Or App 288, 467 P2d 671, Sup Ct *review denied,* 256 Or 124, 471 P2d 798 (1970) * * *." 3 Or App at 212,

this court upheld the statute. Having withstood such a constitutional challenge, it would be inconsistent now to permit a trial judge to reconsider on a case-by-case basis whether the "furtherance of justice" requires the state to forego its statutory appeal rights. We do not interpret ORS 135.755 as permitting such a procedure.

■ The circuit court did not therefore have authority to dismiss the matter in the face of the state's attempt to pursue an appeal of the pretrial order suppressing evidence.

This leads to consideration of the collateral estoppel question.

██ While the doctrine is applicable in Oregon in criminal and civil cases, it serves to grant finality *only* to material issues or determinative facts actually or necessarily adjudicated in a prior action. *Jones v. Flannigan,* 270 Or 121, 526 P2d 543 (1974); *Gaul v. Tourtellotte,* 260 Or 14, 488 P2d 416 (1971); *State v. George,* 253 Or 458, 455 P2d 609 (1969); *State v. Hoffman,* 236 Or 98, 385 P2d 741 (1963); *State of Oregon v. Dewey,* 206 Or 496, 292 P2d 799 (1956).

The United States Supreme Court considered the function of the doctrine in *Ashe v. Swenson,* 397 US 436, 444, 90 S Ct 1189, 25 L Ed 2d 469 (1970), and concluded:

"The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' *Sealfon v. United States,* 332 U. S. 575, 579. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal." (Footnotes omitted.)

See also *Turner v. Arkansas,* 407 US 366, 92 S Ct 2096, 32 L Ed 2d 798 (1972); *Simpson v. Florida,* 403 US 384, 91 S Ct 1801, 29 L Ed 2d 549 (1971).

Essentially the same rule was applied in *State v. George,* supra, 253 Or at 463-64:

"\* \* \* [B]efore defendant's acquittal [at the first murder trial] \* \* \* will prevent his subsequent conviction [in the second murder trial] \* \* \* it must be determined that both men must have been killed by the same shot *and that all criminal responsibility for firing* it in relation to both victims *must have been necessarily adjudicated and decided* in defendant's favor in the [first] case. *A determination of whether this situation exists necessitates an examination of the evidence and instructions in the first case as well as the evidence in the present one* \* \* \*." (Emphasis supplied.)

In his brief to this court defendant indicates that the district court jury was

"\* \* \* instructed to the effect that there was an inference that a driver's blood alcohol rate was as high or higher at the time of driving than it registered on the subsequent breathalyzer reading unless refuted by the defendant \* \* \*.",

and suggests that the verdict of innocence necessarily reflected a determination by the jury that the breathalyzer result was unreliable. Defendant's ability to overcome the inference referred to in the claimed instruction was not, however, wholly dependent upon establishing any such unreliability. Absent a record of the evidence introduced in the district court it is impossible for either us or a circuit judge to determine whether facts unrelated to the test itself led the jury to find the defendant innocent of *having driven a vehicle upon a highway with .15 percent or*

*more blood-alcohol content.* For instance, evidence as to any time lapse between the driving and the administering of the test, or evidence about defendant's actions between the time he was driving and the time he took the test, could have led to the jury's decision, as well as evidence about the test itself and the materials and machine used to give it. Lacking a record . of the district court proceeding it cannot be concluded that defendant's acquittal deprived the test result of all probative value. The order excluding the test result therefore was erroneous.

Defendant has included in his brief the suggestion that we lack jurisdiction because the state failed to serve the notice of appeal in accordance with the terms of ORS 138.071(1). This argument was rejected prior to filing of briefs.

Reversed.