Argued September 14, reversed and remanded for trial October 29, 1979

STATE OF OREGON,
*Appellant,*

*v.*

ALLAN LEE HARRIS,
*Respondent.*

(Nos. TM78-8870 and TM78-8871,
CA 14587)

601 P2d 892

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Robert D. Corl, Jr., Corvallis, argued the cause for respondent. With him on the brief was Corl & Willis, Corvallis.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

The state appeals from the trial court's granting of defendant's motion to dismiss the charges against him.

The defendant was charged with driving under the influence of intoxicants and driving while suspended, in violation of ORS 487.540 and 487.560, respectively.

Trial was set for 3 p.m. on March 26, 1979. Due to an unexpectedly lengthy trial which preceded it, the case was not called until 3:58 p.m. At that time the state requested a 15-minute delay because an indispensable witness, the arresting officer, had not yet arrived. The officer had been sent a timely notice to appear, but because he had been on vacation he had not seen it. He had first learned of the trial date that afternoon and was on his way to the courthouse when the case was called for trial at 3:58. The trial judge continued the case until 4:15 p.m. and stated that if the district attorney was not ready at that time, the charges would be dismissed.

While waiting for the witness the judge presided over an arraignment which lasted until 4:20 p.m. The officer arrived during the arraignment at 4:18 p.m.

At 4:20, the case was again called for trial, but defense counsel moved that the charges against the defendant be dismissed because the witness had not arrived until after the 4:15 deadline. Although it was after 4:20 and the state was ready to proceed, the judge expressly considered the matter as if trial had been called at 4:15 and the state was not ready to proceed. Noting that ORS 136.120 gave him authority to dismiss the charges when the district attorney is not ready when the case is called for trial,[1] the judge

---

[1] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

decided to dismiss one charge and go to trial on the other. Because the district attorney considered the DUII charge the lesser and the driving while suspended charge the easier to prove, the judge dismissed the DUII charge.[2] In his conclusions of law the judge stated that as of 4:15 p.m. the state could not demonstrate sufficient cause for postponement of these trials. Finding that the public interest required that one of the charges be retained for trial, however, he retained the driving while suspended charge.

The district attorney stated his intention to appeal that dismissal. He requested a continuance of the driving while suspended trial pending the outcome of the appeal. He expressed concern that if the driving while suspended case was tried, double jeopardy might bar prosecution of the DUII case upon remand. The defense attorney, objecting to more delay and declining to waive jeopardy, moved for dismissal of this charge and the judge granted this motion, again relying upon ORS 136.120 for his authority.

The trial court issued an extensive opinion setting out the reasons for its discretionary ruling, but it all rests on a fallacious premise. The order preliminarily recited:

> "THE COURT TREATED THE MATTER as though it were called for trial at 4:15 p.m. * * *."

The error is that the case was not called again for trial at 4:15; it was called at 4:20. ORS 136.120, however, is phrased in the present tense, not the past tense. It authorizes discretion to deal with realities, not with what might have been. Therefore, the trial court's ruling must be reviewed in light of the situation which existed at 4:20 when the case was called for trial. At that time the district attorney was ready. Consequently, by its express terms, ORS 136.120 did not apply, the court had no statutory authority to

---

[2] "THE COURT: That's a very discretionary kind of statute. I will be surprised if the Court of Appeals or anyone else would say I abused my discretion when the State put me in this position, when I could dismiss both of them."

dismiss the charge of DUII and, under *State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975), the dismissal of the charge of driving while suspended was also erroneous.[3]

Reversed and remanded for trial.

---

[3] By reliance upon this statutory point, we do not mean to indicate our approval of the other theoretical bases of the order.