Argued and submitted August 15, 1988, order of dismissal reversed; otherwise affirmed
April 26, 1989

# STATE OF OREGON,
## *Appellant,*

*v.*

# ROBERT TODD MUELLER,
## *Respondent.*

## (87D 102682; CA A47448)

772 P2d 433

Thomas H. Denney, Assistant Attorney General, Salem,

argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

J. P. Harris II, Salem, waived appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was charged with driving under the influence of intoxicants. ORS 813.010. Just before the start of the trial, the state asked the court for a ruling on the admissibility of certain documents that the state intended to offer as a foundation for admission of the breath test result. The same trial judge had excluded a document of the same type in another trial the week before. The court ruled here that the documents were not properly authenticated and, therefore, not admissible. The state then asked for a continuance in order to appeal the trial court's ruling. The request was denied. The state then said that it was not prepared to proceed with the prosecution, and the court dismissed the complaint with prejudice. The state appeals the order of dismissal and the evidentiary ruling. We first address the ruling on the admission of the documents.

The three documents that the state intended to offer concern the certification of the alcohol breath testing equipment and the officer's permit to conduct the test. They were offered as self-authenticating documents under OEC 902:

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

"(1)    A document bearing a seal purporting to be that of the United States, or of any state * * * or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution."

Each of the three documents has the identical certification language and the same signature:

"THE UNDERSIGNED, Legal Keeper of Records, does hereby certify, under seal, that the foregoing copy has been compared by me with the original and that it is a true, full and correct transcript therefrom and of the whole of said original as the same appears on file in my official care and custody. In testimony whereof, I have affixed by signature.

"    Suzy Wood
Oregon State Police"

Each document also has a faint impression superimposed near the signature line. The prosecutor described the impressions:

"[T]he state would indicate that it appears, on the documents,

that there is a seal that you can feel through the paper; that I can see an eagle on No. 1; part of an eagle on No. 2, several words on No. 2, which include, it appears to me, your honor, 'State'.

"Your Honor, it appears that on [exhibit] No. 3, it is possible to see the letters 'O-r-e,' 'state,' and the eagle; and I'm able to feel the seal, your Honor. I guess, for the record, that same seal, shape and eagle print, presenting, is visible on all three."

The trial court found that it could not discern whether the impression was a seal or, if it was, whether it was of the United States, an Oregon department or a notary. The court concluded that no seal visibly appeared on the documents and that they were, therefore, not authenticated under OEC 902(1). The state argues that all that the rule requires is a seal purporting to be of the State of Oregon. The impression, it argues, in conjunction with the language of the certification signed by the keeper of records is sufficient.

■  For the purposes of OEC 902(1), a seal "shall consist of an impression, imprint or likeness of the state seal accompanied by the name of the state officer or state agency." ORS 42.125(1). For the purposes of ORS 42.125(1), a "seal is a particular sign made to attest in the most formal manner the execution of an instrument." ORS 42.110. From those definitions, and OEC 902(1), it is clear that there must be some physical manifestation of a "seal" for self-authentication of documents under OEC 902(1). It follows that the impression, imprint or likeness must be sufficiently discernible that the factfinder can say that it purports to be a seal. It is not sufficient that the person signing the certification states that the signature is under seal.

■  The task of affixing a seal is not an arduous one. OEC 902 has significantly relaxed the traditional requirements of authenticating documents and laying a foundation for their admission, and a party ought not to seek admission based only on attempted compliance. Affixing a seal may be ceremonial, but it is nevertheless required by the statute. We affirm the ruling that the documents did not contain a seal under OEC 902(1).

■  The state had a right to appeal the ruling made before trial on the admission of evidence. ORS 138.060(3); *State v.*

*Hoare,* 20 Or App 439, 532 P2d 240 (1975). For the reasons set out in *Hoare,* the court erred in dismissing the complaint.[1]

Order of dismissal reversed; otherwise affirmed.

---

[1] *State v. Caruso,* 289 Or 315, 613 P2d 752 (1980), is inapposite. The court held there that the dismissal was proper, because the pretrial ruling that resulted in the dismissal when the state declined to proceed was not itself appealable *or* reviewable under ORS 138.060.