Argued and submitted February 10, reversed and remanded July 26, reconsideration denied October 13, petition for review allowed November 14, 1989 (308 Or 500)

STATE OF OREGON,
*Appellant,*

*v.*

DOUGLAS GLENN McKAY,
*Respondent.*

(87-5533; CA A49217)

776 P2d 1316

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David B. Williamson, St. Helens, argued the cause for respondent. With him on the brief was Williamson & Hunnicutt, St. Helens.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant is charged with sexual abuse of his step-daughter. ORS 163.415. Before trial, the state moved to allow testimony by the victim about sexual contacts between her and defendant on several occasions, beginning when she was 10 years old and ending when she was about 13. She was 15 when the incident giving rise to the charge occurred. The trial court denied the state's motion. The state appeals.[1]

OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The listed exceptions are illustrations, not limitations. *State v. Johns,* 301 Or 535, 548, 725 P2d 312 (1986); *see also State v. Zybach,* 308 Or 96, 99, 775 P2d 318 (1989). The state offered several bases for admitting the testimony, including:

"And in this case it's important that the evidence be admitted because of the type of case this is. This is a situation where a 17-year-old girl will come in and say that her step-father came in to her room and laid down beside her and sexually abused her. And what the cases have said is that type of evidence will lead a person on the jury to believe that this is incredible, that this kind of thing could not happen. How could something like this happen right out of the blue? And that's why the prior acts are so important to be admitted in this type of case to show there was this plan, that the defendant had this opportunity before and that the victim, her statements are true and are corroborated."

The trial court refused to admit the testimony about the act committed when the victim was 10 years old, because "that clearly would fall in the area of undue prejudice because

---

[1] The state identifies this as an appeal "in which the state seeks reversal of the trial court's [pretrial] order suppressing evidence." The order is appealable under the weird interpretation given ORS 138.060(3) in *State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975), and adopted by the Supreme Court in *State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976). Of course, there is no order suppressing evidence; there is merely a ruling on admissibility. We are bound by *Koennecke. See State v. Mueller,* 96 Or App 185, 772 P2d 433 (1989).

of the charge that's been filed." The court refused the other testimony under OEC 404(3).

To the extent that the ruling rests on OEC 404(3), it is contrary to *State v. Zybach, supra,* where the court said:

> "[A]lthough the evidence was not admissible to show that defendant had a propensity to have sexual intercourse or similar contact with minor girls, it was relevant to show why the child had not reported the original sexual assault. This is a type of uncharged misconduct evidence admissible under OEC 404(3), even though not included in the specific illustrations. * * *

> "The repeated association between the pursuer and the pursued was directly relevant to demonstrate why, having failed to complain about the initial sex act, the victim reported it when defendant did not desist from pestering her. Without the evidence of the ongoing relationship between the two, a jury deprived of this evidence would hear that in June 1985 the victim allegedly had intercourse with defendant but did not report it until March of the following year. The victim was properly allowed to testify to facts from which a jury could infer reasons for the delayed reporting." 308 Or at 99.

The language from *Zybach* and the language of the prosecutor in arguing for admissibility of the victim's testimony here are astonishingly parallel. The only distinctions that could be made, such as that the contacts were after the alleged crime in *State v. Zybach, supra,* but were before the alleged crime in this case, are without significance. Under *Zybach,* if the state is able to show that the proffered evidence can be helpful in proving its case beyond a reasonable doubt, then it is relevant and admissible, insofar as OEC 404(3) is concerned. The trial court therefore erred in refusing to admit the victim's testimony about the incidents that occurred when she was 12 and 13 years old.

It is not quite clear what process the trial court followed in determining not to admit testimony about the first incident, when the victim was 10 years old. Nothing in the record indicates that the court undertook the process required by *State v. Johns, supra.* The trial court must reconsider the admissibility of the evidence in the light of *Johns* and *State v. Zybach, supra.*

Reversed and remanded.