STATE OF OREGON,
*Respondent,*

*v.*

MARIANO GONZALEZ,
*Appellant.*

(CR88-93, CR 88-94, CR 88-95;
CA A50081 (Control), A50082, A50083)
(Cases Consolidated)

776 P2d 1315

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals from two convictions for rape in the first degree, ORS 163.375, and one for sodomy in the first degree. ORS 163.405. He contends that the trial court erred in allowing the victim to testify to defendant's previous sexual conduct with her.

The victim, who was 17 years old at the time of trial, has known defendant since she was five years old, when she and her family shared a house with defendant. As part of the state's case-in-chief, the victim was permitted[1] to testify that, when she was "very young," defendant took her upstairs and had intercourse with her. Similar acts were repeated on "a number of occasions." After her family moved to their own home, defendant came to visit and fondled her on several occasions. Those acts took place before the victim turned 11, when she moved to Mexico with her family.

The family returned to Oregon in 1987, at which time defendant renewed his sexual advances toward her and forcibly raped her on February 3, 1988, and again on February 17, when he sealed her mouth with duct tape, threatened her with a knife and told her not to tell anyone what had happened. The events on the latter two dates are the basis for the present charges against defendant.

Defendant contends that OEC 404(3)[2] precludes the admission of evidence of prior sexual contact between him and the victim. It does not. *State v. Zybach,* 308 Or 96, 775 P2d 318 (1989); *State v. McKay,* 97 Or App 590, 776 P2d 1316 (1989).

Affirmed.

---

[1] Defendant's pretrial motion to exclude the evidence was denied.

[2] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."