Argued and submitted March 19, reversed and remanded September 5, 1990

## STATE OF OREGON,
*Appellant,*

*v.*

## PETER EDWARD MILLER,
*Respondent.*

(89-7095; CA A61735)

796 P2d 1253

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John H. Tuthill, Tillamook, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this DUII case, the state appeals from a pretrial evidentiary ruling that blood test results are inadmissible. We reverse and remand.

Defendant was arrested for driving under the influence of intoxicants (DUII). ORS 813.010. He refused to take a breath test, but, after his release from custody, he independently obtained two blood tests at a local hospital. He was later charged with DUII, and the results of the blood tests were obtained by the state for trial. In a motion *in limine,* the state asked the court for a ruling on the admissibility of the results. Defendant objected to their introduction on the basis that, because the laboratory test reports failed to specify whether the blood samples tested were whole blood, serum or plasma, the tests did not comply with ORS 813.160(1) and OAR 333-13-026(2).[1] The medical technologist testified that she had tested the samples using the "sodium chloride" method, her normal method of testing plasma, and had obtained a plasma-alcohol content of .22 and .23. She stated that, although it was not indicated in her reports, she was certain that the samples tested were plasma. The court ruled the evidence inadmissible, and this appeal followed.[2]

In order for the results to be admissible, a blood test must be *"performed* according to methods approved by the Health Division." ORS 813.160(1)(a). (Emphasis supplied.) *See State v. Broyles,* 94 Or App 334, 765 P2d 239 (1988). The trial court found that the test was performed according to those methods. It stated:

---

[1] ORS 813.160(1) provides, in part:

"Chemical analysis of a person's blood shall be performed by an individual shown to be qualified to perform such analysis and *shall be performed according to methods approved by the Health Division."* (Emphasis supplied.)

The approved method is found in OAR 333-13-026(2), which provides:

"The following general scientific requirements apply to all specimens[.]

"* * * * *

"(c) The laboratory report must specify whether the sample tested was whole blood, serum, or plasma."

[2] The appeal is proper under ORS 138.060(3), which authorizes the state to appeal "from all pretrial orders relating to the collateral issue of admissibility of evidence, regardless of the grounds upon which the objection was made or the procedure by which it was raised." *State v. Hoare,* 20 Or App 439, 444, 532 P2d 240 (1975); *see also State v. Mueller,* 96 Or App 185, 772 P2d 433 (1989).

"I have no doubt in my mind but what the report, it was properly done; it was adequate; the witness is qualified; she knows what she's talking about; and that it's unfortunate that it's not admissible."

■ OAR 333-13-026(2)(d) provides that whole blood, serum or plasma may be tested, and the technologist testified that she tested plasma. The only defect in the process was her failure to note in her report that she had tested plasma. *See* OAR 333-13-026(2)(d). A mere failure to memorialize a properly performed test does not require suppression of the test results. *See State v. Holcomb,* 99 Or App 156, 781 P2d 396 (1989). Because the defect goes to the weight of the evidence, not to its admissibility, *State v. Holcomb, supra,* 99 Or App at 159, the trial court incorrectly suppressed evidence of the tests.

Reversed and remanded.