Argued and submitted June 30, 1998, reversed and remanded February 17, 1999

**STATE OF OREGON,**
*Appellant,*

*v.*

**JEFFREY J. JAEHNIG,**
*Respondent.*

**(97NB0467; CA A99180)**

978 P2d 1011

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robin A. Jones, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

The state in this driving under the influence of intoxicants (DUII) case appeals a trial court order suppressing evidence of the alcohol content of defendant's blood. The parties agree that the officer violated ORS 813.140 in obtaining the blood sample and that, under *State v. Moylett*, 313 Or 540, 836 P2d 1329 (1992), that violation would require suppression. The state argues, however, that ORS 136.432 (section 1 of Senate Bill 936 (SB 936)) has overruled *Moylett* and similar cases so that statutory violations no longer result in suppression of evidence. Defendant responds that ORS 136.432 is invalid or inapplicable on a number of grounds. We generally agree with the state and therefore reverse and remand the trial court's order.

The trial court relied on the testimony of Officer Vincent, the arresting officer, to resolve any conflicts in the evidence. We therefore state the facts as the trial court accepted them. On the afternoon of March 18, 1997, Vincent responded to a report of an intoxicated driver that clearly described defendant and his vehicle. The officer followed defendant and stopped him after he ran several red lights. In the process of the traffic stop, Vincent developed evidence that resulted in defendant's arrest for DUII. Defendant refused to perform field sobriety tests and, after being transported to the police station, refused to submit to a breath test. In order to get some objective evidence of defendant's condition, Vincent obtained a telephonic search warrant for a sample of defendant's blood. That sample, taken two hours after the original report, showed a blood alcohol content of .28 percent.

Defendant moved to suppress evidence of the blood sample. The trial court granted the motion on the ground that Vincent violated ORS 813.140 when he obtained the blood sample, because defendant neither consented nor was unconscious or otherwise incapable of giving consent. It held that *Moylett* required suppression for that statutory violation.[1] The court recognized that, several months after March

---

[1] Because Vincent obtained a telephonic search warrant, whose validity defendant does not challenge, before obtaining the blood sample, his actions did not violate either the state or federal constitution. *See Moylett*, 313 Or at 548-51.

18, 1997, the legislature adopted section 1 of SB 936, changing the rule of suppression for a statutory violation, and that it made the change effective as of December 5, 1996. However, the court refused to apply those provisions on the ground that SB 936 was an *ex post facto* law when applied to crimes allegedly committed before the adoption of the statute. This appeal followed.

■　It is important to keep the precise issue in this case clear. The state does not assert that the legislature has changed the legal requirements for obtaining a blood sample or that Vincent complied with those requirements when he obtained the sample from defendant. The state argues only that Vincent's failure to comply with the law does not support suppression of the evidence in a DUII case.[2] Thus, defendant's apparent concern that ORS 136.432 has somehow expanded the authority of the police is misplaced. The statute has simply removed one of the possible consequences if the police act outside their authority. The issue in this case is whether Vincent's admittedly unauthorized actions prevent the state from using the evidence that he obtained in a DUII prosecution. Because that is the issue that the parties present, we have no occasion to consider other civil or administrative consequences of a statutory violation. We turn to whether the evidence is admissible.

ORS 813.140 limits the situations in which a police officer may obtain a chemical test of a person's blood to those in which the person either consents or the officer has probable cause to believe that evidence of DUII will be found in the blood *and* the person is unconscious or otherwise incapable of consent. ORS 813.320 provides that a court shall not construe the Implied Consent Law, of which ORS 813.140 is a part, to "limit the introduction of otherwise competent, relevant evidence" in any civil action or in any criminal action other than a DUII proceeding. In *Moylett*, the Supreme Court relied on those provisions in holding that a violation of ORS 813.140 requires suppression of the results of a blood alcohol test. The issue is the effect on those statutes of ORS 136.432, which provides:

---

[2] Violation of the statute has never required suppression of the evidence in a prosecution for an offense other than DUII. ORS 813.320; *Moylett*, 313 Or at 547-48.

"A court may not exclude relevant and otherwise admissible evidence in a criminal action on grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by:

"(1) The United States Constitution or the Oregon Constitution;

"(2) The rules of evidence governing privileges and the admission of hearsay; or

"(3) The rights of the press."

In *State v. Fugate*, 154 Or App 643, 963 P2d 686, *on recons* 156 Or App 609, 969 P2d 395 (1998), we considered and rejected a number of challenges to SB 936 in general and ORS 136.432 in particular. In this case we will discuss only those arguments that we did not decide in *Fugate*.[3] Defendant first argues that the Supreme Court has already determined that the legislative intent is that the statutes require suppression, that that court's interpretation becomes part of the statute as though written therein, and that the legislature did not amend the specific statutes on which the Supreme Court relied in *Moylett*. ORS 136.432, defendant says, does not express a different legislative intent but simply tells the courts not to exclude evidence based on their understanding of the effect of statutes in general. Because the *legislature* established suppression as one of the consequences of a violation of these statutes, and because ORS 136.432 is addressed to the *courts*, ORS 136.432 has nothing to do with suppression of improperly obtained blood samples.

Defendant's argument carefully ignores the obvious: The legislature has expressly adopted a general policy that statutory violations should not lead to the suppression of relevant and otherwise admissible evidence. It addressed the statute to the courts because it is the courts that either admit or exclude evidence, but its clear purpose was to negate any implication that a statute establishing a police officer's

---

[3] Because the trial court ruled in favor of defendant, we would normally focus on the state's arguments that the trial court was wrong. Here, however, the state's argument is simple: ORS 136.432 controls. We therefore focus on the reasons that defendant gives that ORS 136.432 does not control. Although the trial court ruled only on defendant's *ex post facto* argument, which we rejected in *Fugate*, on appeal he is entitled to make any argument that he made to the trial court.

authority requires suppression of evidence obtained when the officer exceeds that authority. The foundation for *Moylett* and similar cases, thus, no longer exists.[4]

■       Defendant next argues that, if the trial court's order does not concern illegal police invasion of citizens' rights, it is simply a ruling on a pretrial motion *in limine* that the state cannot appeal. The difficulty with that argument is that ORS 138.060(3), which permits the state to appeal from a pretrial order suppressing evidence, extends to *any* pretrial order rejecting evidence that the state intends to offer. "When a defendant raises an objection to evidence in advance of trial, he takes the risk that the state may have an opportunity to obtain review of an adverse decision it would otherwise be deprived of if the objection were made during the course of the proceeding." *State v. Hoare*, 20 Or App 439, 444-45, 532 P2d 240 (1975); *see also State v. Miller*, 103 Or App 303, 305 n 2, 796 P2d 1253 (1989) (state has authority to appeal order suppressing results of blood test).

■       Finally, defendant challenges the validity of SB 936 on the ground that it contains more than one subject and thus violates Article IV, section 20, of the Oregon Constitution. We discussed the one-subject issue at length in *Fugate*, in the process rejecting the defendant's whole-body challenge to SB 936. We noted, however, that the defendant did not challenge any specific section of the statute as not being encompassed in the title. 154 Or App at 651-56. In this case, defendant makes both the whole-body challenge that we rejected in *Fugate* and also asserts that ORS 136.432 (section 1 of SB 936) is not encompassed within the act's title. We discuss only the second argument.

In *Fugate*, we noted that SB 936 contains a number of provisions that relate to evidence that is admissible in criminal trials, the role of crime victims during the criminal

---

[1] Defendant also asserts that, because ORS 813.140 protects citizens from unauthorized searches, it necessarily implements the requirement of Article I, section 9, of the Oregon Constitution, that all searches be reasonable. Thus, defendant appears to suggest, any statutory violation is necessarily also a constitutional violation. Defendant cites no authority that reaches that conclusion, and the cases that he does cite clearly distinguish between statutory and constitutional violations. *See, e.g., State v. Davis*, 295 Or 227, 236-37, 666 P2d 802 (1983). We therefore reject that argument.

justice process, release criteria, the sentencing of convicted persons, and the selection of criminal juries. We concluded, without considering the title of the statute, that the unifying principle that logically connected all of those provisions was the prosecution and conviction of persons who have committed criminal acts. That unifying principle, we held, was sufficient to overcome a whole-body challenge to the act. *Id.* at 654. Because of our conclusion, we did not need to consider whether particular provisions of the act might be void because they deal with subjects that are not encompassed in the title. *Id.* at 652-53.

The "title" of SB 936 is, for these purposes, the "relating to" provision that introduces it. According to that provision, the act relates "to implementation of victims' rights initiative[.]" The parties agree that that phrase refers to Ballot Measure 40 of the 1996 general election, a constitutional amendment that attempted to enact a number of provisions that concerned the same general subject matters as SB 936.[5] Defendant asserts that Measure 40 itself contains more than one subject and that the title to SB 936, therefore, necessarily also states more than one subject.[6] *Fugate* decides that issue. We first look at the body of the measure, without reference to its title, to see if we can discern a single subject in it. Measure 40 has the same mix of subjects as does SB 936, although less artfully expressed. If SB 936 contains one subject, as we have held it does, Measure 40 contains the same single subject. ORS 136.432, therefore, is within the subject of the title of SB 936, and defendant's single subject challenge to it fails.

Because ORS 136.432 requires admission of the evidence of the blood test, and because it is not invalid on any of the grounds that defendant has asserted, the trial court erred in suppressing the evidence.

Reversed and remanded.

---

[5] The Supreme Court held that Measure 40 is void because it contained two or more amendments and thereby violated Article XVII, section 1, of the Oregon Constitution. *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998). That decision does not affect the issue of whether Measure 40 constitutes a single subject for the purposes of the title of SB 936.

[6] Because we conclude that Measure 40 has a single subject, we do not need to decide whether a statutory title that refers to another measure contains a single subject even if the other measure violates the single subject rule.