Argued and submitted August 5, 1998, vacated and remanded February 24, 1999

# STATE OF OREGON,
*Appellant,*

*v.*

# WENDY LOUISE RILEY,
*Respondent.*

## (97-CR-0081AB; CA A98342)

976 P2d 79

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Jesse Wm. Barton, Deputy Public Defender, argued the cause for respondent. With him on the brief was Diane L. Alessi, Interim Public Defender.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* Riggs, P. J., resigned.

## WOLLHEIM, J.

The state appeals the trial court's pretrial order suppressing evidence of a controlled substance. Defendant had been stopped for driving with expired license tags and was unable to produce a valid driver's license. She did, however, give the officer at the scene three pieces of photo identification and her vehicle registration, which allowed him to corroborate her name, physical characteristics, and birthdate through his radio dispatcher. The officer nevertheless requested and received consent to search defendant's purse for additional identification and, in that process, discovered two containers of methamphetamine.

The trial court concluded that the officer's request to search the purse after defendant had already produced three pieces of photo identification unreasonably exceeded the officer's authority to investigate defendant's identity under ORS 807.570(4). In light of ORS 136.432, we reverse and remand. Defendant's arguments that ORS 136.432 does not apply have been disposed of by our decisions in *State v. Jaehnig*, 158 Or App 348, 978 P2d 1011 (1999); *State v. Cruz-Aguirre*, 158 Or App 15, 972 P2d 1206 (1999); and *State v. Fugate*, 154 Or App 643, 963 P2d 686 (1998), *adhered to as mod on recons* 156 Or App 609, 969 P2d 395 (1998). We decline to revisit them here.

Defendant made a number of constitutional arguments to the trial court in support of her motion to suppress that the trial court did not reach because of its disposition on the statutory question. On remand the trial court is instructed to consider defendant's constitutional arguments. In the event that the trial court concludes that no constitutional violation occurred, ORS 136.432 requires admission of the excluded evidence. If the court determines that the evidence was discovered as a result of a constitutional violation that led to the discovery of the excluded evidence, then it shall suppress the evidence.

Vacated and remanded.