Argued and submitted May 31, 2000, reversed and remanded February 7, 2001

# STATE OF OREGON,
*Appellant,*

*v.*

# JOHN H. PEPPARD,
*Respondent.*

## (951127; CA A93616)

18 P3d 488

Robert M. Atkinson, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Rebecca Duncan argued the cause for respondent. On the brief were David Groom, Public Defender, and Andrew S. Chilton, Deputy Public Defender.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

The state appeals a pretrial order suppressing evidence obtained during a traffic stop. We reverse and remand.

The trial court found the following facts, which are not in dispute:

"[O]n September 2, 1994, at about 12:25 p.m., Deputy Bergin stopped the defendant for speeding, 65 in a 55, on Highway 26 near milepost 28 in Clatsop County. The deputy ran a records check on the defendant and learned that he was suspended. He then turned off his overhead lights and returned to defendant's vehicle and issued two citations, one for driving while suspended and one for no insurance.

"He stood at the driver's window after he handed the citations to the defendant and told the defendant that the defendant was free to leave. Deputy Bergin would not have allowed the defendant to drive away. He did not lean on the door. He did then asked for permission to search the vehicle, and the defendant consented because he thought that it might help his case * * *."

The search yielded evidence of methamphetamine possession, and defendant was charged with possession of a controlled substance. ORS 475.992(4).

Defendant moved to suppress the evidence found in his car. He argued that the search was not consensual, and, even if it was, Bergin's request exceeded the permissible scope of a traffic stop under ORS 810.410(3) (1995),[1] which provided in pertinent part:

"(3) A police officer:

"* * * * *

"(b) May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

---

[1] ORS 810.410 has since been amended. Those amendments are not pertinent to the disposition of this appeal.

The trial court disagreed with defendant's first contention, expressly finding that defendant had given voluntary consent to search. But the court agreed with defendant's second contention and ordered the evidence suppressed.

On appeal, the state argues that, even if Bergin's request for permission to search exceeded the scope of permissible questioning under ORS 810.410(3)(b) (1995), the violation of that statute does not supply a basis for exclusion of evidence obtained thereby.[2] In support of its contention, the state relies on ORS 136.432, which provides:

"A court may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by:

"(1)   The United States Constitution or the Oregon Constitution[.]"

Defendant argues that ORS 136.432 does not apply, because it is unconstitutional. In the alternative, defendant argues that the trial court's decision was correct even under ORS 136.432, because the state and federal constitutions require exclusion of the evidence under the circumstances of this case.

■    We begin with the state's contention that ORS 136.432 applies. The statute applies to all actions pending or commenced on or after December 5, 1996. *State v. Fugate,* 154 Or App 643, 647, 963 P2d 686, *on recons* 156 Or App 609, 969 P2d 395 (1998), *rev allowed* 328 Or 275 (1999). That means that the statute applies if the trial itself remains pending on or after that date. *State v. Meyers,* 153 Or App 551, 559-60, 958 P2d 187 (1998). In this case, the state is appealing a pretrial suppression order; trial has not yet commenced. ORS 136.432 therefore applies.

■    We turn then to defendant's contention that the statute is unconstitutional. According to defendant, ORS 136.432 is invalid on its face because it was enacted as part of a larger

---

[2] The order granting defendant's motion to suppress was entered on May 23, 1996. The state filed its notice of appeal on June 24, 1996. On October 25, 1996, we ordered this case held in abeyance pending the Oregon Supreme Court's decision in *State v. Toevs,* 327 Or 525, 964 P2d 1007 (1998).

bill that violated the single subject and title requirements of Article IV, section 20, of the Oregon Constitution. We rejected those contentions in *Fugate*, 154 Or App at 651-56, and *State v. Jaehnig*, 158 Or App 348, 353-54, 978 P2d 1011 (1999). Defendant also contends that retroactive application of the statute to his case violates the *ex post facto* clauses of the state and federal constitutions. We rejected that contention in *Fugate*, as well. 154 Or App at 656-58. Defendant raises other constitutional challenges to the validity of the statute, which we have not addressed in prior cases; we reject those without further discussion.

There remains defendant's argument that, even if ORS 136.432 applies, the trial court was correct in allowing the motion to suppress, because Bergin's request for consent to search was unconstitutional. According to defendant, when Bergin asked for permission to search, he effectively extended the duration of the traffic stop without independent justification. That, he argues, constituted an unlawful stop, which Bergin exploited by requesting consent to search defendant's vehicle in violation of the state and federal constitutions.

As for the state constitution, we considered and rejected the very same arguments in *State v. Arabzadeh*, 162 Or App 423, 986 P2d 736 (1999). In that case, the defendant was a passenger in a car that was lawfully stopped for a traffic violation. The officer issued a traffic citation to the driver and told him that he was free to go. While standing by the driver's door, the officer asked the driver for consent to search the car, which the driver freely gave. The search yielded a gun belonging to the defendant, which led to the defendant being charged with felon in possession. The defendant moved to suppress the gun, arguing that, by asking the driver for permission to search the car, the officer had unlawfully extended the duration of the stop and thereby tainted the consent to search that followed. The trial court denied the motion.

On appeal, we held that, even assuming for the sake of argument that the officer had unlawfully extended the stop, the trial court correctly denied the motion to suppress, because the officer did not exploit any prior unlawful conduct

in obtaining the defendant's consent. Merely because the consent would not have been obtained but for the detention, we held, does not mean that the consent was unlawfully obtained. There must be a "causal connection" between the unlawful police conduct and the consent, such as trading on the arrest or otherwise taking advantage of it to obtain the consent. *Id.* at 427.

■      This case is indistinguishable from *Arabzadeh* in all material respects. The trial court found that defendant consented to the search, and defendant does not challenge that finding on appeal. Even assuming for the sake of argument that Bergin unlawfully detained defendant following the issuance of the citation, there is no suggestion that he traded on that detention or otherwise took advantage of it to wrest from defendant consent to search. Defendant argues that merely because the consent would not have been obtained but for the detention, there was unlawful exploitation. That, as *Arabzadeh* makes clear, is not the law.

■      As for the federal constitution, the analysis is similar and leads to the same result. The controlling inquiry is the "purpose or flagrancy of the official misconduct" and whether the defendant's consent was "sufficiently an act of free will to purge the primary taint" of the misconduct. *United States v. Perez-Esparza*, 609 F2d 1284, 1289 (9th Cir 1979). In this case, defendant concedes that the misconduct, if any, was not flagrant. Moreover, he advances no argument that Bergin's questioning in any way affected the voluntary nature of his consent.

We conclude that the trial court erred in entering its order suppressing evidence.

Reversed and remanded.