Argued and submitted May 31, affirmed September 5, 2001

# STATE OF OREGON,
*Respondent,*

*v.*

# HARRY DOUGLAS ROTH,
*Appellant.*

## 982745FE; A106746

31 P3d 1126

Shawn Wiley, Deputy Public Defender, argued the cause for appellant. On the brief were David E. Groom, Public Defender, and Peter Gartlan, Chief Deputy Public Defender.

Thomas C. Patton, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Ceniceros, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for possession of a controlled substance, ORS 475.992(4), and felon in possession of a firearm, ORS 166.270. He assigns error to the trial court's denial of his motion to suppress evidence obtained during a traffic stop. We affirm.

The relevant facts are not in dispute. Oregon State Trooper Jeter stopped defendant for driving with a defective taillight. Defendant got out of his vehicle very quickly and met Jeter between his vehicle and the patrol car. He appeared nervous and anxious. Jeter checked defendant's license, registration, and criminal history and discovered that defendant previously had been convicted for possession of a controlled substance. Jeter returned defendant's license, mentioned the prior conviction, and asked defendant whether he had any drugs or guns in the vehicle. Defendant acknowledged that he had a hunting rifle in the back seat. Jeter arrested him for being a felon in possession of a firearm. Incident to the arrest, Jeter searched defendant and found a marijuana pipe. Jeter asked defendant whether there were any other drugs in the vehicle. Defendant admitted that there was some additional marijuana and a handgun.

Before trial, defendant moved to suppress his answer to Jeter's initial question about possession of drugs or weapons and all the evidence that Jeter discovered as a result of that answer. He argued that, by asking the question without reasonable suspicion, Jeter exceeded the scope of a lawful traffic stop, in violation of ORS 810.410(3), which, he asserted, prohibits police officers from inquiring beyond the traffic violation itself without reasonable suspicion that an individual has engaged in other criminal activity. The state argued, among other things, that, even if Jeter violated ORS 810.410(3) in questioning defendant, suppression was not required. According to the state, ORS 136.432 provides that a court may order suppression only if required to do so by the state or federal constitution, and, in this case, neither constitution requires suppression.

The trial court denied the motion to suppress. It held that Jeter did, in fact, violate ORS 810.410(3) in questioning

defendant. It further held, however, that, under ORS 136.432, suppression was not required.

On appeal, defendant argues that the trial court erred in denying the motion to suppress. He asserts that, because SB 936 is unconstitutional in its entirety on single-subject grounds, ORS 136.432 cannot be applied to him. In the alternative, he argues that suppression is required under both the state and federal constitutions, because Jeter's questioning had the effect of extending the duration of the traffic stop without reasonable suspicion.

The state begins by cross-assigning error to the trial court's conclusion that Jeter's questioning violated ORS 810.410(3). According to the state, the trial court failed to take into account recent amendments to the statute that expressly authorize officers to engage in questioning about the possession of weapons during the course of a traffic stop. ORS 810.410(3)(d). In any event, the state argues, the trial court correctly concluded that suppression is not required by the state or federal constitution. In the alternative, the state argues that, even if the state or federal constitution otherwise would require suppression, in this case suppression is not required because there was no unlawful exploitation of any illegal conduct on the part of Jeter.

■ ■ We begin with the state's cross-assignment. ORS 810.410(3)(d) provides that, during a traffic stop, a police officer:

> "May make an inquiry to ensure the safety of the officer, the person stopped or other persons present, including an inquiry regarding the presence of weapons."

As we held in *State v. Amaya*, 176 Or App 35, 39, 29 P3d 1177 (2001), the statute does not contain a reasonable suspicion requirement. The trial court therefore erred in concluding that Jeter's questioning of defendant about the presence of weapons without reasonable suspicion violated ORS 810.410(3).

Because we conclude that Jeter's questioning did not violate ORS 810.410(3), we need not address the parties' arguments about the applicability and constitutionality of ORS 136.432. We do, however, need to address whether, even

though Jeter did not violate ORS 810.410(3), the state or federal constitution still requires suppression. In *Amaya,* we held that neither the state nor the federal constitution prohibits an officer from questioning an individual during a traffic stop as long as the questioning does not interfere with the liberty of the individual—for example, by extending the duration of the stop—without reasonable suspicion that the individual has engaged in some other criminal conduct. *Amaya,* 176 Or App at 44, 47. In this case, defendant argues that Jeter did precisely that; by returning his license to him and then questioning him, Jeter extended the duration of the traffic stop without reasonable suspicion that he had committed any other crime.

The state does not appear to contest that Jeter extended the duration of the traffic stop without reasonable suspicion that defendant had engaged in any other criminal activity. Instead, it argues that suppression nevertheless is not required, because there was no exploitation of any illegality. In support, the state cites *State v. Peppard,* 172 Or App 311, 18 P3d 488 (2001), in which we held that voluntary consent to search can vitiate the effect of prior illegal police activity if the consent is not gained by exploiting the illegal activity. The state reasons that, because there is no functional difference between a request for consent to search a vehicle and asking what is in the vehicle, we should apply the same exploitation analysis in this case.

Defendant does not dispute the applicability of *Peppard.* He acknowledges that, "under current law," the exploitation "hurdle is high." He argues instead that we should revisit the decision itself.

We decline to revisit *Peppard.* Accordingly, we examine whether Jeter's questioning of defendant amounted to an improper exploitation of any illegality, employing the analysis set out in that decision.

To demonstrate exploitation under Article I, section 9, of the Oregon Constitution, defendant must show a " 'causal connection' between the unlawful police conduct and the consent, such as trading on the [illegal action] or otherwise taking advantage of it to obtain the consent." *Peppard,* 172 Or App at 316. In this case, defendant points to nothing

in the record that suggests that Jeter traded on the extension of the stop to get defendant to answer his question. Certainly, "but for" the detention, Jeter would not have been able to ask the question, but exploitation analysis under the state constitution requires more than that. *Id.*; *see also State v. Arabzadeh*, 162 Or App 423, 427, 986 P2d 736 (1999).

■     To demonstrate exploitation under the federal constitution similarly requires more than a bare causal connection between the illegality and obtaining the evidence. It requires an inquiry into "the 'purpose or flagrancy of the official misconduct' and whether the defendant's consent was 'sufficiently an act of free will to purge the primary taint.'" *Peppard*, 172 Or App at 316 (quoting *United States v. Perez-Esparza*, 609 F2d 1284, 1289 (9th Cir 1979)). Again, defendant makes no attempt to demonstrate that the officer in this case acted in a flagrant manner or that he did anything to force defendant to answer his question.

■     We conclude that, even if Jeter's question impermissibly extended the duration of the traffic stop in violation of Article I, section 9, of the Oregon Constitution, he did not improperly exploit that illegality. Suppression therefore was not required, and the trial court did not err in denying defendant's motion.

Affirmed.