Submitted on remand from the Oregon Supreme Court December 11, 2001, vacated and remanded for reconsideration February 13, 2002

STATE OF OREGON,
*Appellant,*

*v.*

JOHN H. PEPPARD,
*Respondent.*

951127; A93616

40 P3d 563

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, for appellant.

David Groom, Public Defender, Andrew S. Chilton, Deputy Public Defender, and Rebecca Duncan for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

### LANDAU, P. J.

This is another case that comes to us on remand from the Supreme Court for reconsideration in light of *State v. Fugate*, 332 Or 195, 26 P3d 802 (2001). In our original opinion, *State v. Peppard*, 172 Or App 311, 18 P3d 488 (2001), we reversed and remanded an order suppressing evidence obtained during a traffic stop. On reconsideration, we vacate the order to suppress and remand for reconsideration.

The relevant facts are few and undisputed. On September 24, 1994, an officer stopped defendant to investigate a traffic infraction. He issued two citations, one for speeding and another for driving while suspended. The officer told defendant that he was free to leave, although he would not have permitted defendant to drive away. He then asked for permission to search the car, and defendant consented to the search, which produced evidence of the possession of a controlled substance.

Defendant moved to suppress the evidence found in the car. The trial court granted the motion, concluding that the officer had unlawfully extended the duration of the stop without reasonable suspicion that defendant had committed another crime. *See generally State v. Dominguez-Martinez*, 321 Or 206, 212, 895 P2d 306 (1995) (officer may not extend scope or duration of traffic stop without reasonable suspicion that the defendant has committed another crime).

The state appealed, arguing that, to begin with, the officer did not extend the duration of the stop. According to the state, at the time that the officer asked for consent, the stop had ended, and defendant was entirely free to leave — albeit on foot. In the alternative, the state argued that, even if the officer had unreasonably detained defendant, ORS 136.432 compels reversal because, under that statute, suppression is appropriate only if required by the state or federal constitution, the rules of evidence regarding privilege or hearsay, or the "rights of the press." In this case, none of those rules or rights compels suppression.

We agreed that, even assuming that the officer unreasonably detained defendant, under ORS 136.432, the

trial court erred in ordering suppression. *Peppard*, 172 Or App at 315-16. In *Fugate*, however, the Supreme Court held that ORS 136.432 may not constitutionally be applied to crimes committed before the effective date of the statute, June 12, 1997. 332 Or at 214-15. That means that, if indeed the officer unreasonably detained defendant, the trial court correctly ordered the suppression of the evidence. We therefore must address the question that we assumed in our original opinion, namely, whether the officer extended the scope or duration of the traffic stop.

In *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998), the Supreme Court addressed "the proper methodology for determining whether a traffic stop either continued or ended." The court held that the proper methodology consists of a two-part inquiry: (1) Did the defendant subjectively believe that he or she was under continued detention by the police? (2) If so, was the defendant's subjective belief objectively reasonable? *Id.* at 535. The first question is one of fact to be determined by the trial court, while the second one is subject to the independent assessment of the appellate court. *Id.*

In this case, the trial court did not have the benefit of the court's decision in *Toevs* and, consequently, did not have the opportunity to make findings of fact concerning the extent to which defendant subjectively believed that, when the officer told him that he was free to go, he was, in fact, free to go. We will not make that finding for the first time on appeal. We therefore remand the case to the trial court for the appropriate disposition in light of *Toevs*. *See State v. Hallmark*, 157 Or App 538, 542-43, 973 P2d 908 (1998) (remand is the appropriate remedy for findings under *Toevs*).

Vacated and remanded for reconsideration.