Submitted on record and briefs June 28, 1996, reversed and remanded
April 16, 1997

STATE OF OREGON,
*Appellant,*

*v.*

CURTIS NEIL KIMSEY,
*Respondent.*

(Z281878; CA A89321)

936 P2d 1030

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, filed the brief for appellant.

Thomas C. Phelan filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

The state appeals an order suppressing evidence of defendant's performance of a Horizontal Gaze Nystagmus (HGN) field sobriety test. We reverse and remand.

The facts are undisputed. Officer Robert Foesch observed defendant fail to stop his vehicle at a stop line early in the morning. He stopped defendant for the traffic infraction and asked to see defendant's driver's license. Foesch noticed that defendant's eyes were bloodshot and watery and that defendant had the odor of alcohol on his breath. Foesch asked defendant to step out of the car and observed that defendant had difficulty maintaining his balance while complying with the request. Foesch learned that there was an outstanding warrant for defendant's arrest on a driving while suspended charge. Foesch advised defendant of his rights and arrested him.

At the police station, Officer Clarence Lankins repeated to defendant his constitutional rights and informed defendant that he would be conducting an investigation to determine whether defendant had been driving under the influence of intoxicants. He told defendant that he would begin with some preliminary physical examinations, including an HGN test. Lankins did not tell defendant that his failure to take the tests would be admitted in evidence against him. As a result of the HGN and other physical condition tests, Lankins concluded that defendant was under the influence of intoxicants. Lankins then asked defendant to take several other field sobriety tests, and defendant refused. Lankins then gave defendant the statutory warning of the consequences of refusal.

Defendant moved to suppress evidence of the results of the HGN test on the grounds that, among other things, Lankins failed to give proper statutory warnings of the consequences of refusing the field sobriety test and that admission of the test results was unfairly prejudicial.[1] The state

---

[1] ORS 813.135 provides that, before field sobriety tests are administered, "the person requested to take the tests shall be informed of the consequences of refusing to take or failing to submit to the tests." ORS 813.136 provides that, if a person refuses or fails to submit to a field sobriety test, "evidence of the person's refusal or

responded that, under *State v. Trenary*, 316 Or 172, 850 P2d
356 (1993), the failure to give statutory field sobriety test
warnings does not require suppression of evidence and that
there was nothing unduly prejudicial about admitting the
test results in this case. The trial court ruled:

> "I'm going to grant the motion on the HGN, recognizing that
> this is a close call, [whether to] keep the HGN test out, on
> the basis of a statutory violation. A combination of that and
> it is simply unfair under the circumstances, the unique cir-
> cumstances of this case, to expect that the defendant under-
> stood that he was consenting to a search that otherwise he
> could have had a warning in advance of. * * *

> "* * * * *

> "[P]art of it is my concern with what's the point of having
> the legislative warning requirement, and also under the cir-
> cumstances of this case as to [Oregon Rule of Evidence] 402,
> 403, it's unfair, because of the order in which things
> occurred I think there was so much potential for this defen-
> dant to be confused."

On appeal, the state argues that the trial court erred
in concluding that the failure to give statutory field sobriety
warnings required suppression. Defendant argues that "the
trial court found as a fact that the defendant did not consent,"
and that the finding, supported by the record, is binding on
this court. In the alternative, defendant argues that the trial
court correctly concluded it is "inherently unfair" to allow an
HGN to be administered without warnings. Finally, defen-
dant argues that, if nothing else, the trial court's decision
should be affirmed, because the administration of the HGN
test was a search and was not authorized by exigent circum-
stances and probable cause.

■      We review the trial court's order granting defen-
dant's motion to suppress for errors of law. ORS 138.220;
*State v. Belt*, 137 Or App 440, 443, 905 P2d 862 (1995), *aff'd*
325 Or 6 (1997).

---

failure to submit is admissible in any criminal or civil action or proceeding arising
out of allegations that the person was driving while under the influence of intoxi-
cants." OAR 257-25-020(1)(a) provides that the HGN test is a field sobriety test.

■ We begin with the trial court's conclusion that suppression is required by Lankins' failure to give statutory field sobriety test warnings. The court's conclusion was incorrect. The Supreme Court held in *Trenary* that the failure of an officer to give the statutory warnings does not itself require suppression of field sobriety test results. *Trenary*, 316 Or at 178-79. *See also State v. Prickett*, 136 Or App 559, 565, 902 P2d 621 (1995) (*"Trenary* remains authoritative[, therefore] field sobriety test results are still admissible even when an officer fails to give the requisite statutory advice"), *aff'd in part, rev'd in part on other grounds* 324 Or 489, 930 P2d 221 (1997).

■ We turn to the trial court's conclusion that, under OEC Rules 402 and 403, the evidence of the HGN test results must be suppressed because of the potential that defendant could have been confused without a warning about the nature of the test and the consequences of refusing to take it. Rule 402 states only that, except as otherwise provided, relevant evidence is admissible. Rule 403 states that relevant evidence nevertheless may be excluded "if its probative value is substantially outweighed by," among other things, "the danger of unfair prejudice, confusion of the issues, or misleading the jury." The former rule certainly does not justify suppression; evidence of HGN test results is plainly relevant to a charge for driving while intoxicated. The latter rule likewise affords defendant no relief. In *Trenary*, the court explained that the purpose of the statutory warning is not to inform an individual of his or her rights, but rather to compel drivers to take the tests. As a result, "[a] driver who takes the test without being informed of the consequences of refusal has not been harmed in any legal sense." *Trenary*, 316 Or at 178. *See also State v. Maddux*, 144 Or App 34, 40, 925 P2d 124 (1996) (because the purpose of the statutory warning requirement is "to induce the driver to perform" the tests, and not to inform the driver of rights, officers are "under no obligation" to give the statutory warnings). If defendant suffered no harm as a consequence of not having been given warnings as to the nature of the test and consequences of refusal, then it follows that admission of the evidence of the test results does not result in unfair prejudice under Rule 403.

■      We are left with defendant's alternative grounds for affirmance. As to the first argument, that the trial court found as a matter of fact that defendant did not consent to the HGN test, the short answer is that we find no such finding in the record. The trial court concluded only that, as a matter of law, defendant's consent to take the HGN test was invalid, because Lankins failed to give the statutory warnings, and that legal conclusion was erroneous. As to the second argument, that the HGN test constituted a search without exigency and probable cause, the record shows that Foesch saw defendant commit a traffic violation early in the morning, that defendant had bloodshot and watery eyes, that defendant's balance was impaired and that defendant was "arrogant and belligerent." In *State v. Nagel*, 320 Or 24, 37, 880 P2d 451 (1994), the Supreme Court concluded on substantially similar facts—an officer observed that the defendant committed a traffic violation and that the defendant had bloodshot, glassy eyes, appeared uncoordinated and had the odor of alcohol on his breath—that the warrantless administration of field sobriety tests was subject to the probable cause and exigent circumstances exception to the search warrant requirements of Article I, section 9, of the Oregon Constitution. We reject defendant's alternative grounds for affirmance.

Reversed and remanded.