Argued and submitted April 30, affirmed November 28, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RONALD JOHN BLOOM,
*Defendant-Appellant.*

Jackson County Circuit Court
045291MI; A127605

172 P3d 663

Ryan T. O'Connor, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Deputy Public Defender, Office of Public Defense Services.

Anna Marie Joyce, Assistant Attorney General, argued the cause and filed the brief for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals a judgment of conviction for misdemeanor driving under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the trial court's denial of his motion to suppress the results of his breath test. We review for errors of law and are bound by the trial court's findings of historical facts as long as there is constitutionally sufficient evidence in the record to support those findings. ORS 138.220; *State v. Kimsey*, 147 Or App 456, 459, 936 P2d 1030 (1997). We affirm.

The relevant facts are undisputed. A police officer arrested defendant on suspicion of DUII and took him to the Rogue River Police Station for a breath test. The officer gave defendant the implied consent paperwork for the test, which did not indicate the amount of the fine that could be imposed for a refusal to take the test. Defendant asked the officer about the amount. The officer responded that he did not know how much the fine would be, but that "it may be $10,000. It's hefty. It's a large amount." When asked, a sergeant at the station also said that he was unsure of the amount of the fine, but that he believed it to be $5,000. The sergeant then told the officer and defendant that he would review papers at his desk to try to determine the fine amount. However, while the sergeant was looking for the information, defendant took the breath test, which indicated that his blood alcohol content was .11 percent. In fact, the amount of the fine for refusing to take a breath test is $500 to $1,000. ORS 813.095(2); ORS 813.130(2)(f).

At trial, defendant moved to suppress the test results, arguing that the officers violated ORS 813.100 and ORS 813.130 by giving him inaccurate information about the fine and that that violation required the court to suppress the test result. The court denied the motion, concluding that the officers had complied with ORS 813.100 and ORS 813.130 because

"the rights and consequences were substantially as follows[: defendant] knew that there was some penalty; he knew under the implied consent law [that] he's required to

take the [breath test] and that there's some penalty required."

Because the trial court concluded that the officers had complied with ORS 813.100 and ORS 813.130, it did not address whether evidence obtained in violation of those statutes had to be suppressed. Thereafter, defendant entered a conditional plea of no contest, reserving his right to challenge on appeal the denial of his suppression motion.

On appeal, defendant assigns error to the trial court's denial of his motion to suppress the results of the breath test. He renews the following arguments: (1) that the officers violated ORS 813.100 and ORS 813.130 when they misinformed him about the amount of the fine that he faced for refusing to take a breath test, and, (2) consequently, that ORS 813.320(1) requires the court to suppress the test result. In response, the state argues that, even if the officers violated ORS 813.100 and ORS 813.130, which the state does not concede, ORS 136.432 precludes the court from suppressing the evidence. We agree with the state that, even if the officers violated ORS 813.100 and ORS 813.130 in administering the breath test, the test is nevertheless admissible under ORS 136.432.

Several statutory provisions establish the procedures by which the police can obtain evidence from people whom they suspect of operating vehicles under the influence of intoxicants; those provisions comprise the "implied consent" statutes. *See* ORS 801.010(3) (listing statutes, including ORS 813.100, that comprise the "Motorist Implied Consent Law"). One of those statutes, ORS 813.320(1), provides:

"The provisions of the implied consent law, except ORS 813.300, shall not be construed by any court to limit the introduction of otherwise competent, relevant evidence in any civil action, suit or proceedings or in any criminal action other than a violation of ORS 813.010 [DUII] or a similar municipal ordinance in proceedings under ORS 813.410."

Before 1997, Oregon courts had held that evidence obtained in violation of some of the implied consent statutes had to be suppressed in DUII proceedings. *See, e.g., State v. Moylett,* 313 Or 540, 546-47, 836 P2d 1329 (1992) (requiring

suppression of blood test results obtained without express consent or probable cause in violation of ORS 813.140); *State v. Heintz*, 286 Or 239, 254, 594 P2d 385 (1979) (holding same under earlier version of statute); *State v. Lyons*, 118 Or App 660, 663, 848 P2d 1230 (1993) (requiring suppression of breath test because of failure to advise driver of rights associated with test).

The legislature's enactment of ORS 136.432 in 1997 changed much of that law. ORS 136.432 provides:

"A court may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by:

"(1) The United States Constitution or the Oregon Constitution;

"(2) The rules of evidence governing privileges and the admission of hearsay; or

"(3) The rights of the press."

By enacting ORS 136.432, the legislature did not "repeal existing statutory rules of exclusion"; rather, the statute "constrain[s] the courts from creating new rules of exclusion where the legislature itself has not created them." *State v. Thompson-Seed*, 162 Or App 483, 489, 491, 986 P2d 732 (1999). In other words, unless the legislature has created an express exclusionary remedy for a statutory violation, a court may not exclude relevant and otherwise admissible evidence in a criminal proceeding simply because it was obtained in violation of a statute. *State v. Warner*, 181 Or App 622, 631-32, 47 P3d 497, *rev den*, 335 Or 42 (2002) (citing *Thompson-Seed*, 162 Or App at 489).

With the enactment of ORS 136.432, our analysis of the admissibility of evidence obtained in violation of the implied consent law shifted, with the overall effect that more evidence became admissible than had been under our earlier decisions. For instance, we concluded that ORS 136.432 required the court *to admit* a blood test obtained in violation of ORS 813.140,[1] the same statute under which the court had

---

[1] At that time, ORS 813.140 (1997) required that in order for an officer to obtain a chemical test to determine the amount of alcohol in a person's blood, the

reached the opposite conclusion in *Moylett*. *State v. Jaehnig*, 158 Or App 348, 352-53, 978 P2d 1011 (1999).[2] In reaching that conclusion, we stated that, in adopting ORS 136.432,

> "[t]he legislature * * * expressly adopted a general policy that statutory violations should not lead to the suppression of relevant and otherwise admissible evidence. * * * [I]ts clear purpose was to negate any implication that a statute establishing a police officer's authority requires suppression of evidence obtained when the officer exceeds that authority."

*Id*. Accordingly, we rejected the principle established in *Moylett* that evidence obtained in violation of ORS 813.140 had to be suppressed in a DUII prosecution. *Id*. at 351-53. We concluded that "[t]he foundation for *Moylett* and similar cases," that is, a violation of ORS 813.140, "no longer exists" and, accordingly, suppression was not a remedy for such a statutory violation. *Id*. at 353.

We further developed that reasoning in *Warner*, where we held that the state's failure to comply with ORS 813.160(2)[3] did not warrant suppression of a blood test, because that statute did not establish a foundational requirement for admissibility of the evidence. 181 Or App at 634. In reaching that conclusion, we noted that the statute did not include foundational language, such as "to be valid," to indicate an explicit foundational requirement. *Id*. In addition,

---

officer must either (1) have obtained express consent for the test from the person, or, (2) if the person was unconscious or otherwise incapable of giving consent, have probable cause to believe that the person had been driving under the influence of intoxicants and that evidence of that offense would be found in that person's blood or urine.

[2] The Oregon Supreme Court reversed our initial decision in *Jaehnig* by concluding that *ex post facto* principles precluded applying ORS 136.432 to any offense committed before June 12, 1997. *State v. Fugate*, 332 Or 195, 210, 26 P3d 802 (2001). We subsequently withdrew our initial disposition in *Jaehnig* in light of that result. *State v. Jaehnig*, 182 Or App 99, 104, 48 P3d 167 (2002), *rev den*, 335 Or 90 (2002).

[3] At that time, ORS 813.160(2) (2001) provided:

> "In conducting a chemical test of the blood, only a duly licensed physician or a person acting under the direction or control of a duly licensed physician may withdraw blood or pierce human tissue. A licensed physician, or a qualified person acting under the direction or control of a duly licensed physician, shall not be held civilly liable for withdrawing any bodily substance, in a medically acceptable manner, at the request of a peace officer."

the statute "merely prescribe[d] the qualifications for a person withdrawing blood; it [did] not specify any consequences for failure to comply with its requirements," and did not "bear on the validity, reliability, relevance, or authenticity of a blood test." *Id.* Thus, we held that, despite the state's failure to comply with ORS 813.160(2), the blood draw evidence was "otherwise admissible" and ORS 136.432 required its admission. *Id.* at 635.

In summary, our cases since the adoption of ORS 136.432 establish that suppression of evidence for a violation of an implied consent statute is required only if the applicable statutes themselves require suppression of the evidence.

The issue, then, is whether the statutes at issue here, ORS 813.100 and ORS 813.130, establish a foundational requirement for a breath test or otherwise expressly require that evidence obtained in violation of them be suppressed. The relevant portion of ORS 813.100 provides that,

"[b]efore the [breath] test is administered the person requested to take the test shall be informed of consequences and rights as described under ORS 813.130."

ORS 813.100(1). In turn, ORS 813.130 provides:

"(1)   The information about rights and consequences shall be substantially in the form prepared by the Department of Transportation. * * *

"(2)   The information * * * shall be substantially as follows:

"* * * * *

"(f)   If the person refuses a breath test under ORS 813.100, the person is subject to a fine of at least $500 and not more than $1,000."

Defendant does not contend that those statutes impose a foundational requirement, and we conclude that they do not.

Defendant argues, however, that the language in ORS 813.320(1) that bars courts from construing implied consent statutes to limit the introduction of otherwise relevant evidence "in any criminal action *other than [for a DUII] violation*" (emphasis added), implicitly provides for suppression in *DUII* prosecutions of evidence obtained in violation of

implied consent statutes, such as ORS 813.100 and ORS 813.130. Whatever the implication of that language, it does not expressly provide for suppression in a DUII prosecution of evidence obtained in violation of the implied consent statutes, as ORS 136.432 now requires in order for evidence to be suppressed for statutory violations. Thus, although the language on which defendant relies does not foreclose the possibility of evidence being suppressed in a DUII proceeding for a violation of the implied consent statutes, it does not create that remedy. We must look to other statutes to determine whether suppression is available in DUII proceedings for such a violation. Defendant identifies no statutory provision that expressly requires suppression of evidence obtained in violation of ORS 813.100 and ORS 813.130, and we have not found one.

We conclude that ORS 136.432 requires the admission of defendant's breath test even if he was not fully informed of the consequences of refusing to take the test. Hence, the trial court did not err in denying defendant's motion and admitting the breath test evidence.

Affirmed.