Argued and submitted May 28, reversed and remanded July 15, 2009

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

JUDE ERICH SILBERNAGEL,
*Defendant-Respondent.*

Marion County Circuit Court
07C41549; A138359

215 P3d 876

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Erin C. Walters argued the cause for respondent. With her on the brief was Elton T. Lafky.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

The state appeals a pretrial order granting defendant's motion to suppress evidence of breath test results in this prosecution for driving under the influence of intoxicants (DUII). Defendant initially refused to take the breath test but then agreed to take it after the arresting officer told him that, if he did not, the officer could apply for a search warrant for a blood sample and that the sample could be obtained by force if defendant did not cooperate with the blood draw. Under ORS 813.100(2) and ORS 813.140, the police may obtain a blood test for purposes of determining a driver's blood-alcohol level only if the driver is unconscious or expressly consents to the test, which was not the case here. The trial court granted defendant's motion to suppress on the ground that his breath test was obtained in violation of those statutes. We reverse and remand.

On appeal, the state argues that it is lawful for a police officer to tell a DUII suspect that the officer may apply for a warrant to seize a blood sample and, accordingly, that such a statement does not violate the implied consent laws. The state also argues that, in all events, under ORS 136.432, evidence obtained through a statutory violation is not subject to suppression.[1]

We need not consider whether the arresting officer in this case violated the implied consent laws, because, even assuming that he did, we agree with the state that ORS 136.432 precludes suppression of the evidence. That statute prevents a court from excluding relevant and otherwise admissible evidence on the grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by the state or federal constitution, a rule of evidence governing privileges or the admission of hearsay, or the rights of the press. "In other words, unless the

---

[1] At oral argument, we directed the parties to submit memoranda discussing the effect on this case, if any, of this court's recent decision in *Hays v. DMV*, 228 Or App 689, 209 P3d 405 (2009). In its memorandum, the state argues, among other things, that *Hays* does not negate its contention that ORS 136.432 precludes suppression in this case. We agree. *Hays* was an administrative case concerning the suspension of a driver's license for DUII, rather than a criminal prosecution, so ORS 136.432 did not apply. Because this case is a criminal prosecution, *Hays* is inapposite here.

legislature has created an express exclusionary remedy for a statutory violation, a court may not exclude relevant and otherwise admissible evidence in a criminal proceeding simply because it was obtained in violation of a statute." *State v. Bloom*, 216 Or App 245, 249, 172 P3d 663 (2007), *rev den*, 344 Or 280 (2008). No statute of which we are aware provides an exclusionary remedy for a violation of ORS 813.100(2) and ORS 813.140. *Cf. Bloom*, 216 Or App at 252 (finding no statutory provision that requires suppression of evidence obtained in violation of ORS 813.100 and ORS 813.130).

Defendant asserts that there is a constitutional basis for affirming the trial court's order. He argues that a breath test constitutes a search and that the state and federal constitutions require a warrant for a search unless one of the well-established exceptions to the warrant requirement applies, one of which is consent. In defendant's view, because the police did not have a warrant, for evidence of the breath test to be admissible, the police were required to obtain his consent. He contends that his consent was invalid because it was the product of a threat to obtain a warrant, which the police did not have the authority to do.[2]

We will affirm a trial court on alternative grounds only if, among other things, the facts in the record are sufficient to support the alternative basis for affirmance. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). "In analyzing whether consent to a search is voluntary, the relevant inquiry is whether, under the totality of the circumstances, the consent was the product of the defendant's free will or, conversely, was the result of express or implied coercion." *State ex rel Juv. Dept. v. Stephens*, 175 Or App 220, 225, 27 P3d 170 (2001). In this

---

[2] Defendant acknowledges that, under the implied consent statutes, a driver is deemed to have consented to a breath test. He contends, however, that a driver may withdraw the implied consent after the police inform him or her of the rights and consequences associated with a breath test refusal. He contends that, with his initial refusal to take the test, he withdrew his *implied* consent and, thus, that his later decision to take the breath test constituted the operative "consent." Because we conclude below that the factual record is not sufficiently developed to determine whether defendant voluntarily agreed to take the breath test, we do not address the validity of his assertion that a driver may withdraw the statutorily implied consent.

case, because the trial court was not presented with the constitutional argument that defendant advances on appeal, it did not make all of the findings necessary for us to review the totality of the circumstances. For example, the totality of the circumstances include the defendant's state of mind, so the trial court, as factfinder, must make inferences about the defendant's state of mind when he or she gave consent, *State v. Johnson*, 120 Or App 151, 158-59, 851 P2d 1160, *rev den*, 318 Or 26 (1993), a factual issue that the court in this case did not address. Because the record is not sufficiently developed to support defendant's proffered constitutional ground for affirmance, we do not consider it.

Reversed and remanded.