IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JAMES WAKEFIELD, )
)
Plaintiff, ) TC-MD 190121R
)
v. )
) **ORDER GRANTING PLAINTIFF'S**
DEPARTMENT OF REVENUE, ) **MOTION FOR SUMMARY**
State of Oregon, ) **JUDGMENT IN PART AND**
) **GRANTING DEFENDANT'S MOTION**
Defendant. ) **FOR SUMMARY JUDGMENT IN PART**

This matter comes before the court on the parties' cross-motions for summary judgment.

On June 19, 2019, the parties submitted a joint stipulation of material facts. On July 17, 2019,

the parties filed their respective motions for summary judgment. On July 23, 2019, the court

requested in writing that the parties address whether in 2016 the Oregon legislature in adopting

SB 1601 (2016) retroactively changed ORS 316.680[1] with respect to a subtraction for otherwise

deductible expenses described in Internal Revenue Code (IRC) section 280E, and if so, whether

the retroactive application of the law violates the Oregon or federal constitutions. The parties

submitted briefs to the court on the issues requested.

## I. FACTS

The facts of the case are not disputed. In 1982, Congress added section 280E to the IRC

which prohibits deduction of business expenses derived from trafficking in Schedule I and II

controlled substances, marijuana included. In November 1998, Oregon voters' passed Measure

67 making medical marijuana use legal in the state of Oregon. In 2014, Oregon voters passed

Measure 91 that legalized recreational marijuana use and among other things decoupled Oregon

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015 unless otherwise stated.

tax law from application of IRC section 280E effective July 1, 2015.

During the 2014 and 2015 tax years (tax years in issue) Plaintiff operated a marijuana business in Oregon under a license issued by the Oregon Health Authority through its Oregon Medical Marijuana Program. During the tax years in issue Plaintiff's business consisted of trafficking of marijuana, which was then prohibited and remains prohibited under the federal Controlled Substances Act.

Plaintiff filed his 2014 Oregon tax return untimely reporting a $56,352 loss from his marijuana business on Schedule C. Plaintiff filed his 2015 Oregon tax return timely reporting a $78,549 profit from his marijuana business on schedule C. Defendant audited Plaintiff's 2014 and 2015 returns, disallowing Plaintiff's reported business expenses for those years pursuant to IRC section 280E and reclassifying Plaintiff's reported supply expenses as cost of good sold for both years.

## II. ANALYSIS

The issue in this case is whether a medical marijuana business in the state of Oregon can deduct its business expenses in light of IRC section 280E for the 2014 and 2015 tax years. Because this is a case of first impression, the court begins with a brief introduction of that law.

A.      *History of IRC Section 280E*

All gain, legally or illegally obtained, is includable in "gross income" for federal income tax purposes. *James v. United States*, 366 US 213, 81 S Ct 1052, 6 L Ed 2d 246 (1961). Prior to the enactment of IRC section 280E, persons with illegal gain could take deductions for costs relating to their criminal activity if those costs met the definition of IRC section 162(a) allowing a taxpayer to deduct all the "ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business." *Comm'r v. Teller*, 383 US 687, 688, 86 S Ct 1118, 16 L

Ed2d 185 (1966). In *Edmondson v. Comm'r*, 42 TCM (CCH) 1533 (1981), the U.S. Tax Court

allowed a taxpayer deduction for expenses related to the business of trafficking in illegal drugs.

Reaction to that decision, in the era of "just say no to drugs," was swift. In 1982, Congress

added section 280E to the IRC to change the result in *Edmondson*. IRC section 280E states:

> "No deduction or credit shall be allowed for any amount paid or incurred during
> the taxable year in carrying on any trade or business if such trade or business (or
> the activities which comprise such trade or business) consists of trafficking in
> controlled substances (within the meaning of schedule I and II of the Controlled
> Substances Act) which is prohibited by Federal law or the law of any State in
> which such trade or business is conducted."

Federal courts have consistently disallowed business expense deductions for expenditures

made in connection with marijuana sales pursuant to IRC section 280E, even when those

businesses were complying with a state law. See, *Alternative Health Care Advocates v. Comm'r*,

151 TC 225, 2018 WL 6721754 at *1 (2018); *Patients Mutual Assistance Collective Corporation

v. Comm'r*, 151 TC 176, 2018 WL 6271696 (2018); *Alpenglow Botanicals, LLC v. United States*,

894 F3d 1187 (10th Cir 2018), *cert. den*., 139 S Ct 2745 (2019); *Canna Care, Inc v. Comm'r*,

694 Fed Appx 570 (9th Cir 2017).[2] There are some nuances in the cases cited above, such as

when the business is concurrently selling items or services not covered by IRC section 280E, but

none of those circumstances appear to be an issue in this case.

Generally, Oregon state income taxes are tied to federal tax law.[3] However, the state

legislature can and has decoupled from federal tax law in the past. Nothing in the record shows

that Oregon tax law was decoupled from IRC section 280E during the 2014 tax year. Thus, the

court must apply federal case law which dictates that business trafficking in controlled

---

[2] Several of these cases are still pending appeals.

[3] "It is the intent of the Legislative Assembly * * * insofar as possible * * * to [m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code related to the measurement of taxable income." ORS 316.007

substances are subject to the restrictions contained in IRC section 280E. Consequently, the court concludes that Plaintiff may not deduct his marijuana business expenses for the 2014 tax year.

For the 2015 tax year, the analysis is more complicated because in November 2014, Oregon voters approved Ballot Measure 91 that decoupled the state from IRC section 280E "commencing on or after January 1, 2015" but operative on July 1, 2015. Measure 91 (2014), §§74, 82(1). The legislature subsequently passed several bills to adjust provisions in Measure 91 which may or may not have altered the effective date. House Bill 2041 (2015) limited the application of ORS 316.680 to "production, processing or sale of marijuana items" authorized under Oregon's recreational marijuana statutes. HB 2041 (2015) §§ 20, 21. That change applied "to conduct occurring on or after January 1, 2016, and to tax years beginning on or after January 1, 2016." HB 2041 (2015), §23.

In 2016, the legislature again amended ORS 316.680 via HB 4014 to clarify that both recreational and medical marijuana businesses would be entitled to deductions and credits otherwise disallowed under IRC 280E. HB 4014 (2016), §§ 28, 28a. HB 4014 contained an Emergency Clause and was effective upon passage. HB 4014 (2016), § 82. During the same 2016 session the legislature again amended ORS 316.680 via SB 1601. Those changes were identical to the changes contained in HB 4014 except that there was no emergency clause. SB 1601 (2016), §§ 8, 9, 11, 13. Both HB 4014 and SB 1601 delete the language from HB 2041 (2015) and made that deletion effective "before January 1, 2016, and to tax years ending before January 1, 2016." HB 4014 (2016), §§ 28, 29(1), SB 1601 (2016), §§ 8, 11(1).

Plaintiff contends that Oregon voters decoupled Oregon tax law from IRC section 280E when they passed Measure 91 in November 2014 effective January 1, 2015. Thus, he should be able to deduct his business expenses for the 2015 tax year. Defendant contends that the

legislature passed SB 1601 in 2016 as a technical fix to Measure 91 and it retroactively changed the effective date contained in Measure 91 to allow the deductions only after January 1, 2016.

B.        *Whether the Legislature Amended or Repealed the Relevant Provision of ORS 316.680*

When interpreting a statute, the court's goal is "discerning the legislatures intent." *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). "The court analyzes the text, context, and legislative history" to determine this intent with primary weight given to the text and context. *Id*. As part of context, the court may consider prior version of the statute. *State ex rel Penn v. Norblad,* 323 Or 464, 467, 981 P2d 426 (1996). The court's task is to determine the substance of the law and not "insert what has been omitted, or to omit what has been inserted" and to adopt a construction which gives effect to all provisions. ORS 174.010.

As discussed above, Measure 91 became effective on July 1, 2015. It provided that "Section 280E of the Internal Revenue Code does not apply for purposes of determining taxable income or loss under this chapter." Or Law 2015 ch 1, § 71. Measure 91 also clarified that the first year when the deductions otherwise disallowed by IRC 280E would become available was January 1, 2015, and placed it in ORS 316.680 as a subtraction from federal taxable income.[4] Or Law 2015 ch 1 § 74.[5] The version of the ORS 316.680 effective for 2015 reads:

> "For income tax years commencing on or after January 1, 2015, the amount of any deductions or credits that the taxpayer would have been allowed but for the provisions of section 280E of the Internal Revenue Code."

The 2015 version does not distinguish between medical or recreational marijuana businesses or between legal and illegal drug trafficking. The legislature made a variety of

---

[4] Presumably because the original July 1, 2015, effective date left taxpayer uncertain as to whether they could take deductions for the 2015 tax year.

[5] That law did not become operative until July 1, 2015. Or Laws 2015, ch 1, § 81, 82. Individual tax returns are not due until April of the following tax year.

substantive and technical changes to Measure 91 during the 2015 session. The legislature expressly repealed the section 71 of Measure 91 for all tax years. Or Laws 2015, ch 699, § 23(2). They did not repeal, expressly or impliedly, the amendment to ORS 315.680 contained in section 74. Or Law 2015 ch 1, § 74. The legislature amended ORS 316.680 to limit the scope of the subtraction to recreational marijuana businesses, starting January 1, 2016. Or Laws 2015 ch 699 §§ 19, 21, 23, 21.[6]

During the 2016 Regular Session, the legislature made further changes to ORS 316.680. HB 4014 amended ORS 316.680 to provide that both medical and recreational businesses would be eligible for the subtraction. HB 4014 (2016), §28a. That change was effective January 1, 2016. HB 4014 (2016), § 29. The legislature also deleted the prior version of ORS 316.680 that limited the subtraction to recreational marijuana businesses. HB 4014 (2016), § 28. That change was to apply to "conduct occurring on or after July 1, 2015, and before January 1, 2016, and to tax years ending before January 1, 2016." HB 4014 (2016), § 29. It is unclear what effect the legislature intended by that deletion.[7] The Staff Measure Summary prepared for HB 4014 states that it "[a]llows all marijuana establishments to deduct business expenses allowable under section 280E of the Internal Revenue Code when filing a state tax return." During a work session on HB 4014, legislative counsel explained that the purpose of the amendment was to allow both medical and recreational marijuana producers to have access to deductions otherwise disallowed under IRC 280E. Audio, Joint Committee on Marijuana Legalization, HB 4014, Feb

---

[6] Providing "Any federal deduction that the taxpayer would have been allowed for the production, processing or sale of marijuana items authorized under sections 3 to 70, chapter 1, Oregon Laws 2015, but for section 280E of the Internal Revenue Code."

[7] Generally, a repeal of a law does not revive a prior version unless the legislature expressly provides that it does. ORS 174.080. However, the legislature never expressly repealed the prior version of ORS 316.680 effective January 1, 2015. Thus, the prior version of ORS 316.680 may only be considered repealed by implication.

9, 2016, 11:36 *http://oregon.granicus.com/MediaPlayer.php?clip_id=10618*. This change was accepted without discussion of effective dates.

HB 4014 included an emergency clause. HB 4014 (2016), § 82. SB 1601 was enacted to cure the emergency clause contained in HB 4014. Audio, Joint Committee on Marijuana Legalization, SB 1601, Feb 23, 2016, 03:30 *http://oregon.granicus.com/MediaPlayer.php?clip_id=10788*; *see also* Or Const, Art IX, § 1a (an emergency may not be declared "in any act regulating taxation or exemption.") The changes were identical to the changes made in HB 4014 including the effective dates. The relevant legislative history is contained in HB 4014, discussed above.

1. *Whether the legislature repealed the 2015 version of ORS 316.680*

The "general rule" is "that repeals of statutes by implication are disfavored." *Thompson-Seed*, 162 Or App 483, 490-91, 986 P2d 732 (1999). "Only when the legislature's intention to repeal is clear will the courts give such effect to new legislation." *Id*. at 491. "Such reluctance to give repealing effect to a statute that does not explicitly specify that intention is borne of judicial respect for the legislature's authority; courts generally are hesitant to invalidate prior statutes without very good evidence that the legislature intended new legislation to have that effect." *Id*. In construing a statute, the court's task is to ascertain the substance and to adopt a construction that will give effect to all provisions. ORS 174.010. There is no doubt that the legislature expressly and unequivocally repealed section 71 of Measure 91. However, they never repealed, expressly the 2015 version of ORS 316.680 contained in section 74. Or Law, 2015 ch 74, § 74.

The issue then becomes whether section 74 of Measure 91 was impliedly repealed by SB 1601. As discussed in *State v. McGinnis*, 56 Or 163, 165, 108 P 132 (1910) and reaffirmed in

*State v. Vallin*, 364 Or 295, 434 P3d 413 (2019):

> "[w]hatever the rule may be in other jurisdictions, it is settled in this State that where a section of an act is amended * * * and the later law sets forth the changes contemplated, the parts of the old section that are incorporated in the new are not to be treated as having been repealed and re-enacted, but are to be considered as portions of the original statute, unless there is a clear declaration to the contrary * * *."

Defendant claims that the legislature understood the effective dates in SB 1601 section 11(1) to have the effect of repealing the 2015 version language not contained in the text of SB 1601. There is nothing in the text, context, or legislative history available that demonstrates that this was the case. Section 8 of SB 1601, deleting the subtraction to ORS 316.680 is explicitly described as an amendment, not as a repeal. It is well understood that repeal by implication "will not be indulged in if the statute involved can be harmonized." *Lilly v. Gladden*, 220 Or 84, 95, 348 P2d 1 (1959). "[W]here two acts can, in fact, stand together and be given a coterminous operation. Where the repealing effect of a statute is doubtful, the statute is to be strictly construed to effectuate its *consistent* operation with previous legislation." *Id*. at 96 (quotations omitted, italics in original).

   2.   *Whether the legislature amended ORS 316.680 to remove the January 1, 2015, effective date*

The Oregon Constitution provides that "[n]o act shall ever be revised, or amended by mere reference to its title, but the act revised, or section amended shall be set forth, and published at full length." Or Const, Art IV, § 22; *See also Vallin*, 364 Or at 309 (discussing how the "double amending" process is used to create temporary rules in light of the constitutional prohibition on amendments without stating the text in full, particularly where "temporary section may cause confusion"). The purpose of the constitutional prohibition on amendments that do not set forth the full text of the law revised was to prevent law changes that occurred without notice

to either the public or the legislators. The 2016 amendments to ORS 316.680 do not recite the language of the original statute in effect for 2015.[8] The only constitutional construction is to find that the 2016 changes only applied to the version of ORS 316.680 that was stated in full in SB 1606, notwithstanding the earlier effective date. In this case, the language from the 2015 law was amended in HB 2041 but that change was effective January 1, 2016. The later revision to the 2015 law, with the earlier effective date, by contrast, did not state, in full, the text of the 2015 law and therefore cannot properly be considered an amendment to that law.

The court is mindful that although the court is allowed to consider legislative history the "text and context remain primary and must be given primary weight in the analysis." *Gaines,* 346 Or at 171. In this case, the legislative history reveals nothing regarding whether the legislature intended to amend or repeal the 2015 version of ORS 316.680. The court is left with the text of section 74 of Measure 91 which was neither expressly repealed, nor validly amended.[9]

Having found that the legislature did not intend to retroactively amend ORS 316.680, and did not in fact do so, the court need not analyze the constitutional question presented.

---

[8] The text of the 2015 version reads:

"For income tax years commencing on or after January 1, 2015, the amount of any deductions or credits that the taxpayer would have been allowed but for the provisions of section 280E of the Internal Revenue Code." Or Law 2015, ch 1, § 74.

By contrast the text deleted in HB 1601 reads:

"Any federal deduction that the taxpayer would have been allowed for the production, processing or sale of marijuana items authorized under ORS 475B.010 to 574B.395 but for section 280E of the Internal Revenue Code" HB 1601 (2016) § 8.

[9] The court notes that although Measure 91 section 74 were made operative to conduct occurring on or after July 1, 2015, the text of ORS 316.680 specifically provides that the subtraction would be available "[f]or income tax years commencing on or after January 1, 2015." Or Laws 2015, §§ 74, 81, 82. Presumably, the later operative date was enacted to prevent constitutional concerns regarding emergency legislation effecting taxation or exemptions. Or Const, Art IX, § 1a. In any case, section 74 is not clear as to which conduct they are referring, the expenses incurred, the activity for which the expenses were incurred, or the conduct of filing a state tax return. Such a vague command cannot override the plain text of section 74 which granted the subtraction for the 2015 tax year. The court is mindful of the legislative mandate to give effect to all provisions of the law. ORS 174.010.

III. CONCLUSION

After careful consideration, the court finds that Plaintiff was not eligible to deduct his business expenses, related to his medical marijuana business, for the 2014 tax year pursuant to IRC section 280E which was applicable in the state of Oregon for that year. The court finds, that Oregon voters approved Measure 91 in 2014 that decoupled this state from application of IRC section 280E for Plaintiff's medical marijuana business during the 2015 tax year. Although the Oregon Legislature, subsequently passed several laws which modified the provisions as passed in Measure 91, those provisions did not effectively modify or repeal section 74 of Measure 91 for the 2015 tax year. Plaintiff is thus entitled to take business deductions in connection with his medical marijuana business in the state of Oregon for the 2015 tax year. Now, therefore,

IT IS ORDERED that Plaintiff's motion for summary judgement is denied with respect to the 2014 tax year and is granted with respect to the 2015 tax year.

Dated this ____ day of February 2020.

_____
RICHARD DAVIS
MAGISTRATE

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Richard Davis and entered on February 25, 2020.***